**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARK A. TURLEY,

                           Plaintiff,

   v.                                         No. 03-CV-1425
                                                    (FJS/DRH)
KAREN BRITTON, Mail Room Supervisor;
and JOSEPH COSTELLO, Superintendent,

                           Defendants.

---

**APPEARANCES:**                           **OF COUNSEL:**

MARK A. TURLEY
Plaintiff Pro Se
No. 98-B-1294
Gouverneur Correctional Facility
Post Office Box 480
Gouverneur, New York 13642

HON. ELIOT SPITZER                    MICHAEL McCARTIN, ESQ.
Attorney General for the                Assistant Attorney General
 State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Mark A. Turley ("Turley"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C.

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

§ 1983 alleging that defendants, two DOCS employees, violated his constitutional rights under the First Amendment. Compl. (Docket No. 1). Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 and Turley's cross-motion for summary judgment. Docket Nos. 34, 36. For the following reasons, it is recommended that defendants' motion be granted as to Turley's second cause of action, the first cause of action be dismissed, and Turley's motion be denied.

## I. Background

The facts are presented in the light most favorable to Turley as the non-moving party. See Ertman v. United States, 165 F. 3d 204, 206 (2d Cir. 1999).

At all relevant times, Turley was incarcerated at Mid-State and Marcy Correctional Facilities. On or about July 28, 2003, Turley attempted to mail a letter to the New York Department of Motor Vehicles ("DMV"). Compl., Ex. 1.[2] The mail room at Mid-State rejected the letter because the 37¢ postage was not paid. Tr. of Turley Dep. (Docket No. 34, Ex. 3) at 20. On August 4, 2003, Turley filed a grievance requesting that all outgoing mail to the DMV be classified as "privileged" since the DMV was a state agency. Compl., Ex. 1. On August 28, 2003, Turley was moved from Mid-State to Marcy. Tr. of Turley Dep. at 16. Upon his

---

[2] Under Fed. R. Civ. P. 56(e), the non-moving party must offer evidence in sworn affidavits to oppose a properly supported motion for summary judgment. A verified complaint meets this requirement. See Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (citing King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)), Riley v. Town of Bethlehem, 44 F. Supp. 2d 451, 462 (N.D.N.Y. 1999) (McAvoy, C.J.). The complaint here was affirmed under penalty of perjury and will, therefore, be considered on this motion.

2

arrival at Marcy, Turley's letter to the DMV was mailed by the mail room there without postage being charged to him.  Id. at 24-25.

On September 8, 2003, Turley sent a letter to defendant Britton requesting to be advised whether outgoing mail to the DMV would be classified as privileged.  Compl., Ex. 2. Britton responded that "DMV mail is not considered legal mail.  However, we would not reject this mail.  It would be processed as regular mail."  Id.  On September 23, 2003, defendant Costello denied Turley's grievance.  Compl., Ex. 3.  Turley appealed and on October 15, 2003, the central office review committee (CORC) accepted Turley's request that outgoing mail to the DMV would be "treated as privileged correspondence and afforded the weekly free postage allowance."  Compl., Ex. 4.  This action followed.

## II. Discussion

Turley asserts two causes of action in his complaint.  The first alleges a violation of a DOCS regulation and the second a deprivation of his First Amendment rights.  The parties seek summary judgment on both claims.

### A. Summary Judgment Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Id.[3] However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

### B. First Amendment

Turley contends in his second cause of action that defendants violated his constitutional rights by not designating outgoing mail to the DMV as privileged. Defendants contend this claim is without merit.

---

[3]Turley has filed at least three other federal actions since 1998. See U.S. Party/Case Index (visited Jan. 3, 2006) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

An inmate "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 125 (1977) (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)); see Giano v. Senkowski, 54 F.3d 1050, 1053 (2d Cir. 1995). Thus, a prisoner's right to the "free flow of incoming and outgoing mail is protected by the First Amendment." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). Restrictions on inmate mail are warranted only if they further substantial governmental interests of security, order, and rehabilitation. Id. In addition, legal mail and outgoing mail are given greater protection than non-legal mail and incoming mail. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989); Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986).

"An isolated incident of mail tampering is usually insufficient to establish a constitutional violation." Davis, 320 F.3d at 351. In order for an inmate to demonstrate a violation, they must show that the prison officials' alleged interference was a regular and unjustifiable practice. See Washington, 782 F.2d at 1139; Cancel v. Goord, No. 00-CV-2042, 2001 WL 303713, at *7 (S.D.N.Y. Mar. 29, 2001). Here, Turley alleges that on one occasion his outgoing letter to the DMV was not designated as privileged correspondence and, therefore, he was required to pay postage for the letter. However, he does not allege or prove any actual injury from this incident, nor does he offer any evidence to demonstrate that this was a regular and unjustifiable practice.

In the alternative, the record reflects that after Mid-State declined to treat Turley's letter as privileged, he was transferred to Marcy. Tr. of Turley Dep. at 16. At Marcy, his letter to DMV was treated as privileged and was mailed without requiring Turley to pay

5

postage. Id. at 24-25.  Thus, since the letter was sent to DMV within approximately one month, Turley cannot show that defendants' actions caused him any damage.[4]

Therefore, for both reasons defendants' motion on this ground should be granted as to Turley's second cause of action.

### C. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity.  Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).  A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230.  Here, as discussed supra, accepting all of Turley's allegations as true, he has not shown that defendants violated his constitutional rights.

Moreover, assuming that Turley's constitutional rights were violated, a court must then determine whether such constitutional rights were "clearly established." Saucier v. Katz, 533 U.S. 194, 201-02 (2001).  "A right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and

---

[4]Turley seeks only compensatory damages.  Compl. at ¶ 9.

(3) a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful." Anderson v. Goord, 317 F.3d 194, (2d Cir. 2003 (citations and quotation marks omitted). "The question is not what a lawyer would learn or intuit from researching case law, but what a reasonable person in the defendant's position should know about the constitutionality of the conduct." McCullough v. Wyandanch Union Free Sch., 187 F.3d 272, 278 (2d Cir.1999). Here, there is no indication that the Second Circuit or the Supreme Court ever determined that an inmate enjoyed the right to have mail sent to a state agency without postage charges. On this ground as well, then, defendants are entitled to qualified immunity.

Therefore, in the alternative, defendants' motion for summary judgment on this ground should be granted as to Turley's second cause of action.

### D. Pendent State Law Claim

Defendants correctly contend that Turley's first cause of action alleges only a violation of a New York State regulation and, therefore, cannot suffice to state a claim under § 1983. See P.C. v. McLaughlin, 913 F.2d 1033, 1045 (2d Cir. 1990) (holding that § 1983 requires proof of a violation of federal constitutional or statutory law). Nevertheless, liberally construing the complaint, Turley alleges in his first cause of action a state law claim pendent to the federal § 1983 claim asserted in the second cause of action over which this Court may exercise supplemental jurisdiction. See 28 U.S.C. § 1367(a). So construed, however, the first cause of action involves matters purely of state law and, in light of th disposition of the federal claim recommended herein, those issue should be left to the state courts. Accordingly, it is further recommended that this Court decline to exercise supplemental

7

jurisdiction over the first cause of action and that it be dismissed.  See <u>Adee Motor Cars, LLC v. Amato</u>, 388 F. Supp. 2d 250, 255 (S.D.N.Y. 2005); 28 U.S.C. § 1367(c).

### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that:

    1. Defendants' motion for summary judgment (Docket No. 34) be

        A. **GRANTED** as to Turley's second cause of action as to both defendants; and

        B. Turley's first cause of action be **DISMISSED** and this action be terminated in all respects as to both defendants; and

    2. Turley's cross-motion for summary judgment (Docket No. 36) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Secretary of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:  January 4, 2006  
          Albany, New York

*David R. Homer*  
United States Magistrate Judge